| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

Michael A. Cannon, §
§
      Plaintiff, §
§
versus §     Civil Action H-13-2410
§
Jacobs Field Services North America, Inc., §
§
      Defendant. §

## Opinion on Summary Judgment

1.  *Introduction.*

    A man sued a company after it did not hire him. He says that the company did not hire him because he is disabled. Because he has not shown that his impairment is a disability within the Americans with Disabilities Act, he will take nothing.

2.  *Background.*

    Michael A. Cannon is a 57 year-old field engineer. He was a pipe fitter for 20 years and has worked on many projects fabricating and installing pipe here and abroad.

    In 2010, Cannon was diagnosed as having a torn rotator-cuff in his right shoulder. He had surgery to repair it, but it was unsuccessful. Because of the torn rotator-cuff, Cannon cannot lift his right arm above his shoulder.

    In June of 2011, Cannon applied to Jacobs Field Services North America, Inc., for a job. Jacobs offered him a position as a field engineer at its project in Golden, Colorado. Jacobs was working to reopen the Climax mine – a molybdenum mine that closed in the 1980s. The field engineer was responsible for supervising the installation of pipe that supplied water to the mine. Water would be pumped from a nearby lake to the mine's cistern, a distance of five miles.

    Jacobs's offer was conditioned on a medical examination. Cannon was examined by an occupational physician on July 11, 2011. The exam revealed his torn rotator-cuff and his prescription for tramadol – an opioid analgesic.

The physician sent the results of his examination to Jacobs. Cannon's physician also sent notes to Jacobs about Cannon's condition. On July 18, 2011, Jacobs rescinded its offer saying that Cannon "would not be able to perform the essential functions of a field engineer."

3.  *Disability.*

Cannon says that his torn rotator-cuff is a disability within the meaning of the Act. He says that the injury seriously compromises his range of motion and that he cannot push or pull with much force.

To be disabled, Cannon's injury must render him unable to perform a major-life activity that an average person would be able to perform.[1] Not being able to reach and lift like an average person is not a disability in itself. Cannon must show that his not being able to reach and lift like an average persons renders him unable to perform major-life functions. Taken alone, reaching and lifting with your right arm is not a major-life function.

Cannon has not shown that he is unable to walk, drive, squat, climb, carry equipment, hammer a stake in the ground, or perform similar activities. He says that he is able to do everything required of a field engineer, including climbing a ladder. He says that he needs no accommodation. Cannon has not shown that his injured shoulder substantially impairs his daily functioning. He has not shown that he is disabled under the Act.

Cannon says that if he were not disabled, Jacobs regarded him as disabled because Jacobs thought that he could not climb a ladder. Jacobs's understanding that Cannon could not climb a ladder was based on his doctor's description of his limitations. Cannon's orthopedist's note said that he was unable to reach above his shoulder or push or pull with much force. Jacobs is entitled to rely on Cannon's doctor's descriptions. Jacobs's conclusion that Cannon could not climb a ladder does not show that it regarded him as disabled. Climbing a ladder is not a major-life activity.

4.  *Qualification.*

Assuming Cannon were disabled under the Act, he has not shown that he was qualified to be a field engineer because of his prescription for tramadol. Cannon's prescription for a narcotic disqualified him both under federal regulations and Jacobs's policy.

---

[1] 29 C.F.R. § 1630.2(j)(1).

Cannon says that the regulation does not apply because the mine is not operational and because Cannon is a construction worker, not a miner.

The Mine Safety and Health Administration prohibits anyone using narcotics from working at a mine.[2] The job site is a mine. Though Cannon would not have swung a pickax, he was still subject to the regulations because he was on-site. Cannon's prescription and use of tramadol, a narcotic, disqualified him.

Cannon says that driving a vehicle was not an essential function of the field-engineer position.

He also says that this requirement was not listed in the job posting. An employer need not list every conceivable requirement for a position. It is axiomatic that jobs have requirements beyond those listed by human resources.

For obvious reasons, Jacobs prohibits anyone taking narcotics from operating equipment or driving. His use of tramadol prevented him from driving at the mine. Without being able to drive, Cannon could not do his job on a site over five miles long.

Cannon says that Jacobs's objections to the tramadol prescription are misplaced because Cannon was not taking the drug when he applied.

Cannon has chronic pain from his shoulder and other conditions. His doctor prescribed tramadol. Cannon was instructed to take one pill as needed every six hours. That his drug test did not reveal tramadol does not show that he was not taking the drug. It merely shows that he had not taken it at the time. The very nature of the prescription shows that Cannon was not taking the narcotic all the time, just as needed. Moreover, Cannon's claims are belied by the fact that he continued taking tramadol after his offer was rescinded.

5. Pretext.

Jacobs did not hire Cannon because he could not perform the job's essential functions. Assuming he were disabled, Cannon says that this reason might be pretextual for discrimination based on his disability because Jacobs's papers say that the decision to rescind Cannon's offer was made by Andy Diaz, not Jon Snell as Jacobs says. Cannon says that if Diaz made the decision, he may have made it after Cannon gave Jacobs another note from his doctor saying that he was being weaned from tramadol.

---

[2] 30 C.F.R. § 57.20001.

Assuming Cannon were right, it does not show that Jacobs's reason is pretextual. It simply reinforces the fact that Cannon was not qualified when he applied because he was still taking tramadol. There can be no pretext when the facts show that Cannon was disqualified for the job and not disabled.

6. *Conclusion.*

Cannon has not shown that his shoulder impairs his major-life functioning. He also has not shown that Jacobs considered him disabled. He will take nothing from Jacobs Field Services North America, Inc.

Signed on February 3, 2015, at Houston, Texas.

Lynn N. Hughes
United States District Judge